## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**DOUGLAS L. YATES**                                                      **PLAINTIFF**

**v.**                                            Civil Action No.: 3:22-cv-671-KHJ-MTP

**UNIVERSITY OF MISSISSIPPI MEDICAL**
**CENTER – JACKSON, CHIEF MARY PARADIS,**
**CHIEF DEPUTY JOSHUA BROMEN, CAPTAIN**
**NICHOLAS KEHOE, and OFFICER JEFFREY WALKER**          **DEFENDANTS**

### COMPLAINT
(Jury Trial Demanded)

COMES NOW, Plaintiff Douglas L. Yates (hereinafter "Plaintiff"), by counsel, and files this his *Complaint* for damages against Defendants University of Mississippi Medical Center – Jackson, Chief Mary Paradis, Deputy Chief Joshua Bromen, Captain Nicholas Kehoe, and Officer Jeffrey Walker (hereinafter "Defendant UMMC-Jackson," "Defendant Chief Paradis," "Defendant Dep. Chief Bromen," "Defendant Capt. Kehoe," "Defendant Off. Walker," or collectively "Defendants"), and for cause would show unto the Court the following:

### PARTIES

1. Plaintiff is an adult resident citizen of Grenada County, Mississippi, residing at 876 W. Govan Street, Apt. 25, Grenada, MS 38901.

2. At all relevant times herein, Defendant UMMC-Jackson was a public hospital existing under the laws of the State of Mississippi located at 2500 N. State Street, Jackson, Mississippi, and which may be served with legal process upon its Vice Chancellor and Chief Executive Officer, LouAnn Woodward, at 2500 N. State Street, Jackson, Mississippi 39201. At all relevant times herein, Defendant UMMC-Jackson was vicariously responsible for the actions and omissions of its agents, servants, and

employees acting within the course and scope of their respective agencies and employment relationships at its affiliated hospitals and clinics.

3. Defendant Chief Paradis is an adult resident citizen of the State of Mississippi, employed as the Chief of Police and Executive Director Public Safety, and she may be served with process at her place of employment, at 2500 N. State Street, Jackson, Mississippi 39201.

4. Defendant Deputy Chief Bromen is an adult resident citizen of the State of Mississippi, employed as Deputy Chief at the UMMC police department at UMMC's Holmes County located, and he may be served with process at his place of employment, located at 2500 N. State Street, Jackson, Mississippi 39201.

5. Defendant Kehoe is an adult resident citizen of the State of Mississippi, employed as a Captain at the UMMC police department of UMMC, and he may be served with process at his place of employment at 2500 N. State Street, Jackson, Mississippi 39201 or 239 Bowling Green Road, Lexington, MS 39095.

6. Defendant Jeffrey Walker is an adult resident citizen of the State of Mississippi, employed as an Officer at the UMMC police department of UMMC, and he may be served with process at his place of employment at 2500 N. State Street, Jackson, Mississippi 39201 or 239 Bowling Green Road, Lexington, MS 39095.

**JURISDICTION and VENUE**

7. This action is being brought pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343(a)(3) and 42 U.S.C. §1981 and includes any and all state law claims pled herein for which jurisdiction and venue attach.

8. Venue is proper in the Southern District of Mississippi, pursuant to 28 U.S.C. §1391 since a substantial part of the events and omissions giving rise to this claim occurred in this judicial district.

## FACTS

9. At all times material hereto, Defendants Chief Paradis, Dep. Chief Bromen, Capt. Kehoe, and Off. Walker were employees of UMMC-Jackson, acting within the scope of their employment.

10. On December 21, 2015, Plaintiff was hired as a Police Sergeant for the UMMC Holmes County location. Plaintiff was essentially hired to manage the day-to-day operations and handle calls for police services.

11. Defendant Chief Paradis' began working with UMMC-Jackson in July of 2015. Prior to Chief Paradis' employment, Plaintiff had no issues concerning work performance and/or policy/procedures.

12. On January 13, 2022, Defendant Dep. Chief Bromen sent an email to Plaintiff requesting that the daily end of shift reports for UMMC-Holmes County be submitted in the same format as the shift reports for the main Jackson campus. On the same date, Plaintiff met with Deputy Chief Bromen and was told that "they" were not doing enough work to justify having four officers and a supervisor at the UMMC-Holmes County campus. Deputy Chief Bromen further stated that if Plaintiff did not start showing more action, he would be reassigned to the Jackson campus, and instructed Plaintiff to falsify incidents in order to boost his daily reporting. Plaintiff refused to falsify any documents.

13. On February 9, 2022, Plaintiff filed his first formal complaint with UMMC Human Resources, that Deputy Chief Bromen had harassed him, undermined his authority, creating a hostile work environment.

14. A few days later, on February 11, 2022, a leadership meeting was held at the UMMC Holmes County location, and Defendants Chief Paradis and Dep. Chief Bromen were in attendance. While Defendant Chief Paradis and Dep. Chief Bromen were on-site, Plaintiff was caused to experience a hostile and disrespectful work environment. He endured belittling comments, with a loud and professional tone from Chief Paradis.

15. On February 14, 2022, Plaintiff submitted his medical note excusing him from work from February 14, 2022 thru March 1, 2022.

16. On February 15, 2022, Defendant Chief Paradis sent written correspondence to Plaintiff, giving him thirty days' notice that he was being reassigned to the UMMC Jackson location. Said change of duty assignment became effective on March 17th, 2022. Approximately two days later and while Plaintiff was on family medical leave, Defendant Chief Paradis called Plaintiff asking where he lived so that she could get the AR-15 rifle and patrol car.

17. Plaintiff had thirty days to make a decision concerning the notice, but Defendant Chief Paradis started collecting Plaintiff's equipment on the second day.

18. On February 16, 2022, Defendant Chief Paradis sent Capt. Kehoe and Officer Walker to Plaintiff's home to take his work equipment. Plaintiff did not agree to this arrangement. At all times relevant herein, both Capt. Kehoe and Officer Walker were two adult Caucasian males, employed by UMMC Police Department and friends of Defendant Deputy Chief Bromen.

19. The same night, Defendants Capt. Kehoe and Officer Walker parked their department issued patrol car a good distance away from Plaintiff's residence, walked stealthily to his residence. Shortly thereafter, Plaintiff was physically assaulted by Officer Walker, forcibly pushed backwards (in the opposite direction of his home), causing injury to his back.

20. As Plaintiff was being physically assaulted by Defendant Officer Walker, Plaintiff heard Capt. Kehoe remove his service weapon from the holster, and release the safety. This is when Plaintiff called 911 for assistance from the Grenada Police Department.

21. Capt. Kehoe and Officer Walker fled the scene before anyone from the Grenada Police Department could respond to the 911-call. Nevertheless, Plaintiff filed criminal assault charges against Capt. Kehoe and Officer Walker. Said charges are still pending.

22. As a result of the February 16th, 2022 incident, Plaintiff has suffered a loss of sleep and significant fear for his life.

23. Two days later, on February 18, 2022, Plaintiff received a notice via email from Chris Morgan, SHRM-SCP, the Associate Director – HR Business Services, that he was being placed on paid administrative leave following the incident on February 16th at Plaintiff's residence, pending a formal internal.

24. Neither Capt. Kehoe nor Officer Walker received any disciplinary action, including suspension or administrative leave. Both employees are still actively working in their roles with UMMC Police Department.

25. On March 1, 2022, Plaintiff filed his initial EEOC charge of race discrimination as well as retaliation, stemming from Defendants' harassment on February 16, 2022 and the aforementioned unjust disciplinary actions.

26. On March 2, 2022, Cecelia Bass, Director – Employee Relations, sent correspondence to Plaintiff regarding his family medical leave request, indicating that it was unclear whether he could return to work based on his health care provider's recommendation of psychiatric consultation.

27. The following day, March 3, 2022, Dr. Patricia Busby-Robinson, DPC, M.Ed., LPC-S, NCC, BC-TMH provided written correspondence stating that Plaintiff initiated counseling services at PBR Counseling Center on March 2, 2022 under her care. Dr. Busby-Robinson further indicated that Plaintiff has been diagnosed with post-traumatic stress disorder, and the determination of his return to work status should be decided based on the reports of his medical doctor.

28. On March 31, 2022, Chris Morgan denied any discriminatory practices based on retaliation and/or race.

29. On June 15, 2022, UMMC Human Resources department sent a letter to Plaintiff, stipulating that Defendant UMMC accepts his "voluntary and immediate resignation of employment with UMMC," alleging failure to adhere to job-related medical examination.

30. Plaintiff was discriminated and retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended, because he engaged in the protected activity of voicing and filing a discrimination complaint with the Equal Employment Opportunity Commission. As a result of filing discrimination charges against Defendants, Plaintiff was discriminated against and subject to harassment in retaliation.

## ADMINISTRATIVE PROCEDURE

31. On or about March 1, 2022, Plaintiff filed his charge of discrimination, satisfying the requirements of 42 U.S.C. §2000(e) with the EEOC in Jackson, Mississippi. Such charge

was filed within one hundred and eighty (180) days after the last unlawful employment practice occurred.

32. The EEOC conduct an investigation on said claims. On October 6, 2022, the EEOC issued a determination. According to the determination, "the EEOC is unable to conclude that the information obtained establishes a violation of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge."

33. The *Complaint* is being filing within ninety (90) days of the Plaintiff's receipt of the Notice of Right to Sue. Plaintiff has complied with all statutory and administrative prerequisites to filing suit.

## CAUSE OF ACTION

### COUNT I
### TITLE VII – RACE DISCRIMINATION

34. Plaintiff re-alleges all prior paragraphs of the *Complaint* as if set out herein in full.

35. Plaintiff is a member of a protected class who has been consistently subjected to actions creating a hostile working environment for Plaintiff Douglas L. Yates because of his race in violation of Title VII of the Civil Rights Act of 1964.

36. The acts and violations of Defendants UMMC-Jackson, Chief Mary Paradis, Chief Deputy Joshua Bromen, Captain Nicholas Kehoe, and Officer Jeffrey Walker resulted in a knowing, willful, and intentional violation of Plaintiff's rights guaranteed under Title VII of the Civil Rights Act of 1964. Such unlawful employment practice violate 42 U.S.C. §2000e-3.

37. As a direct and proximate result of Defendants UMMC-Jackson, Chief Mary Paradis, Chief Deputy Joshua Bromen, Captain Nicholas Kehoe, and Officer Jeffrey Walker's

unlawful and discriminatory conduct toward Plaintiff, Plaintiff has lost wages and benefits and sustained other pecuniary loss.

38. Defendants discriminatory practices, insults, contempt, and disdain have been demeaning to Plaintiff and have caused him to suffer deep pain, humiliation, anxiety, emotional distress, as well as physical injuries.

39. The unlawful actions of Defendants UMMC-Jackson, Chief Mary Paradis, Chief Deputy Joshua Bromen, Captain Nicholas Kehoe, and Officer Jeffrey Walker complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff Douglas L. Yates.

## COUNT II
## TITLE VII – RETALIATION

40. Plaintiff re-alleges all prior paragraphs of the *Complaint* as if set out herein in full.

41. Plaintiff engaged in activity protected under Title VII of the Civil Rights Act of 1964. Defendants UMMC-Jackson, Chief Mary Paradis, Chief Deputy Joshua Bromen, Captain Nicholas Kehoe, and Officer Jeffrey Walker, retaliated against Plaintiff after he made reports of discrimination to the Human Resources Department. Plaintiff was retaliated against by unjustly subjecting him to unjust scrutiny, exclusions, change of duty assignment, physical assault, suspension and/or termination.

42. Defendants UMMC-Jackson, Chief Mary Paradis, Chief Deputy Joshua Bromen, Captain Nicholas Kehoe, and Officer Jeffrey Walker have no legitimate reason for any such acts.

43. Defendants UMMC-Jackson, Chief Mary Paradis, Chief Deputy Joshua Bromen, Captain Nicholas Kehoe, and Officer Jeffrey Walker's actions demonstrate a direct and casual connection between Plaintiff invoking his constitutional rights and the resulting suspension/termination by Defendants.

44. Such unlawful practices violate 42 U.S.C. §2000e-3.

## COUNT III
## 42 U.S.C. §1981 – INTENTIONAL RACE DISCRIMINATION

45. Plaintiff re-alleges all prior paragraphs of the *Complaint* as if set out herein in full.

46. Plaintiff has been consistently subjected to actions creating a hostile environment for Plaintiff Douglas L. Yates because of his race in violation of 42 U.S.C. §1981, violating 42 U.S.C. §1981.

47. As a direct and proximate result of Defendants intentional or reckless discriminatory conduct toward Plaintiff Yates, he has suffer deep pain, humiliation, anxiety, emotional distress, as well as physical injuries.

48. The unlawful actions of Defendants complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights to Plaintiff.

## COUNT IV
## 42 U.S.C. §1981 – RETALIATORY DISCHARGE

49. §1981 prohibits retaliation as well as race discrimination, and methods for proving a Title VII retaliation claim are applicable to a retaliation claim under §1981 as well.

50. Plaintiff re-alleges all prior paragraphs of the *Complaint* as if set out herein in full.

51. Plaintiff engaged in activity protected under §1981. Defendants UMMC-Jackson, Chief Paradis, Deputy Chief Bromen, Capt. Kehoe, Officer Walker, agents and employees of UMMC-Jackson (police department) retaliated against Plaintiff after he made reports of intentional discrimination to the Human Resources Department and to the EEOC. Plaintiff was retaliated against by unjustly subjecting him to unjust scrutiny, exclusions, change of duty assignments, suspensions and/or termination with no legitimate reason for any of the aforementioned acts.

52. Defendants' actions demonstrate a direct and casual connection between Plaintiff invoking his constitutional rights and the resulting suspension/termination of him by UMMC-Jackson, Chief Paradis, and Deputy Chief Bromen.

## COUNT V
## TITLE VII – HOSTILE WORK ENVIRONMENT

53. Plaintiff re-alleges all prior paragraphs of the *Complaint* as if set out herein in full.

54. Plaintiff is a member of a protected class who has been consistently subjected to actions creating a hostile working environment for Plaintiff because of his race in violation of Title VII of the Civil Rights Act of 1964.

55. The acts and violations of Defendant UMMC-Jackson, Chief Paradis, Deputy Chief Bromen resulted in a knowing, willful, and intentional violation of Plaintiff Douglas L. Yates' rights guaranteed under Title VII of the Civil Rights Act of 1964. Such unlawful employment practices violate 42 U.S.C. §2000e-3.

56. As a direct and proximate result of Defendant UMMC-Jackson, Chief Paradis, Deputy Chief Bromen's unlawful and discriminatory conduct toward Plaintiff, Plaintiff suffered deep pain, humiliation, anxiety, emotional distress, as well as physical injuries.

## DAMAGES

57. As a consequence of the foregoing misconduct of Defendants, Plaintiff sustained economic damages, pain and suffering, great mental stress, depression, insomnia, shock, and humiliation.

58. As a consequence of the foregoing conduct of Defendants, Plaintiff has damages in an amount exceeding the jurisdictional requirements of the Court.

## RELIEF

59. Plaintiff requests that the Court issue the following relief:

a. Enter declaratory relief declaring that Defendants have engaged in race discrimination, retaliation, and constitutional violations under 42 U.S.C. §1981; Defendant UMMC-Jackson has engaged in race discrimination, retaliation, and constitutional violations under Title VII;

b. Award Plaintiff compensatory and punitive damages for all the mentioned causes of action in an amount to be determined by a jury of his peers;

c. Award Plaintiff attorney's fees, costs and expenses of litigation; and

d. Award such other relief to which Plaintiff may be entitled to under law.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against Defendants in an amount exceeding the jurisdictional requirements of this Court, all together with Court costs, including attorney's fees, plus pre and post judgment interest, and for any other relief which this Court deems just and proper.

Respectfully submitted, this the 17th day of November, 2022.

**DOUGLAS L. YATES, Plaintiff**

**By:**    _/s/ Carlos E. Moore_____
**Carlos E. Moore, MSB# 100685**

OF COUNSEL:

**THE COCHRAN FIRM – MS DELTA**
306 Branscome Drive
P. O. Box 1487
Grenada, MS 38902-1487
662-227-9940 – phone
662-227-9941 – fax
Email: cmoore@cochranfirm.com